IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAMHARI SUBEDI and ANIRUDRA GAIRE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09 C 4525 |
| LOUISE MERCHANT, INTERNATIONAL H-2B/J-1 WORK & TRAVEL USA, CORPORATION, IWT INTERNATIONAL, INC., and IWT STAFFING, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiffs, Ramhari Subedi and Anirudra Gaire, have filed a motion ("Motion") seeking certification of a class consisting of all persons identified by Plaintiffs who paid a fee to Louise Merchant ("Merchant") and/or International H-2B/J-1 Work & Travel USA, Corporation ("International") for the purpose of obtaining a H-2B or J-1 visa but did not receive a H-2B or J-1 visa procured by Louise Merchant and/or International H-2B/J-1 Work & Travel USA, Corporation. For the following reasons, the Court grants the Motion and certifies the proposed class.

**LEGAL STANDARD**

To be entitled to class certification, a plaintiff must satisfy each requirement of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one subsection of Rule 23(b). *See Harper v. Sheriff of Cook Co.*, 581 F.3d 511, 513 (7th Cir. 2009); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). "'Failure to meet any of the

Rule's requirements precludes class certification.'" *Harper*, 581 F.3d at 513 (quoting *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008)).

## FACTUAL BACKGROUND

Defendants Merchant and International purportedly represented to the proposed class members that, in return for wired payments, they would obtain I-797 certifications, H-2B or J-1 visas, and seasonal employment in the United States. (R. 24-3, R. Subedi Certification at ¶¶ 2-3, 5-6, 11; R. 26-1, T. Lama Certification at ¶¶ 2-3.) At the time they made those representations, however, Defendants Merchant and International allegedly knew and concealed that they did not have the ability or intent to obtain the I-797 certifications, H-2B or J-1 visas, or seasonal employment. (R. 24-3, R. Subedi Certification at ¶ 10.) Based on those representations, Plaintiffs allege, the members of the proposed class paid Defendants Merchant and International thousands of dollars, but Defendants did not provide them with I-797 certifications, H-2B or J-1 visas, or seasonal employment. (*Id.* at ¶¶ 4, 8, 11; R. 26-1, T. Lama Certification at ¶¶ 4-5.) Defendants IWT International and IWT Staffing are International's successors. (R. 1, Compl. at ¶ 21.)

Plaintiffs filed a six-count class-action complaint on July 28, 2009, alleging breach of contract, breach of fiduciary duty, common law fraud, negligence, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") and the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (*Id.* at 14-23.) Because courts cannot enter class default judgments without properly certifying the class, *see Davis v. Hutchins*, 321 F.3d 641, 648-49 (7th Cir. 2003), Defendants seek certification of the following class, which consists of one hundred sixty-five people: "All persons identified by Plaintiffs who paid a fee to

Louise Merchant and/or International H-2B/J-1 Work & Travel USA, Corporation for the purpose of obtaining a H-2B or J-1 visa but did not receive a H-2B or J-1 visa procured by Louise Merchant and/or International H-2B/J-1 Work & Travel USA, Corporation."[1] (R. 22, Mot. for Class Certification at 2.)

**ANALYSIS**

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *General Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 155, 102 S.Ct. 2364, 2369 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S.Ct. 2545, 2557-58 (1979)). It "is an ingenious device for economizing on the expense of litigation and enabling small claims to be litigated. The two points are closely related. If every small claim had to be litigated separately, the vindication of small claims would be rare." *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 744 (7th Cir. 2008).

"Rule 23 gives the district courts 'broad discretion to determine whether certification of a class-action lawsuit is appropriate,'" *Arreola*, 546 F.3d at 794 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001)); *Olson v. Brown*, 594 F.3d 577, 584 (7th Cir. 2010), and "provides a one-size-fits-all formula for deciding the class-action question." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, – U.S. –, 130 S.Ct. 1431, 1437 (2010). Courts

---

[1] Courts may certify classes even when a defendant has not answered a complaint. *See Trull v. Plaza Assocs.*, No. 97 C 0704, 1998 WL 578173, at *1 (N.D. Ill. Sept. 3, 1998) (noting that a "default judgment does not change the fundamental analysis this court must undertake in deciding whether to certify a class"); *Stewart v. GNP Commodities, Inc.*, Nos. 88 C 1896 & 91 C 2635, 1992 WL 121545, at *3 (N.D. Ill. May 26, 1992) (noting that "plaintiffs must satisfy the requirements of Rule 23(a) regardless of the response or non-response of any defendant"); *see also Hutchins*, 321 F.3d at 649 (finding that courts must conduct a class-certification analysis before imposing class damages against a defaulting defendant).

should exercise caution, however, in certifying classes. *Thorogood*, 547 F.3d at 746. Indeed, "[t]he Supreme Court has made clear that a class 'may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied,' and 'actual, not presumed, conformance with Rule 23(a) remains . . . indispensable.'" *Hutchins*, 321 F.3d at 649 (quoting *General Tel.*, 457 U.S. at 160-61, 102 S.Ct. 2364).

To certify a class, the Court "must find that each requirement of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation) is satisfied as well as one subsection of Rule 23(b)." *Harper*, 581 F.3d at 513. "Failure to meet any of the Rule's requirements precludes class certification." *Id.* (internal quotation omitted). Satisfaction of these requirements, on the other hand, categorically entitles a plaintiff to pursue her claim as a class action. *See Shady Grove*, 130 S.Ct. at 1437. In deciding whether to certify a class, courts generally may not analyze a class's claims on the merits. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152 (1974); *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Plaintiffs have met their burden of satisfying the Rule 23(a) and (b)(3) requirements.[2]

## I.     Rule 23(a) Requirements

### A.     Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." A party seeking class certification "cannot rely on 'mere speculation' or

---

[2] The class definition is also adequate, as it is limited to those who paid fees to Defendants Merchant and International to obtain a H-2B or J-1 visa but did not receive one. *See Alliance to End Repression v. Rochford*, 565 F.2d 975, 978 (7th Cir. 1977) (noting that "a class that satisfies all of the other requirements of Rule 23 will not be rejected as indefinite when its contours are defined by the defendants' own conduct").

'conclusory allegations' as to the size of the putative class to prove that joinder is impractical for numerosity purposes." *Arreola*, 546 F.3d at 797 (quoting *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990)). Ordinarily, however, numerosity is "not difficult to ascertain if a class approach would be useful to avoid the practical problems of trying to join many named plaintiffs or otherwise clog the docket with numerous individual suits." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981).

Here, the proposed class consists of one hundred sixty-five people (R. 24-2, Class List), almost all of whom are citizens and residents of another country (*see* R. 24-3, R. Subedi Certification at ¶ 8; R. 26-1, T. Lama Certification at ¶ 4). Requiring the proposed class members to pursue their claims individually would therefore be impracticable and inefficient. Additionally, the Seventh Circuit has found numerosity when the proposed class was significantly smaller. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (noting that a group of forty would have been sufficiently large for Rule 23(a) purposes). *See also Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56-57 (N.D. Ill. 1996) (eighteen class members satisfied numerosity requirement); *Chandler v. S.W. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307-08 (N.D. Ill. 1995) (classes of fifty and one hundred fifty sufficiently numerous); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (twenty-nine member class is sufficient and collecting cases finding numerosity with fewer class members). As such, the proposed class is so numerous that joinder of all members would be impracticable.

**B.     Commonality**

Rule 23(a)(2) requires that there be "questions of law or fact common to the class," and "'[a] common nucleus of operative fact is usually enough to satisfy'" this requirement. *Keele v.*

*Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class," *id.*, and "[t]he fact that there is some factual variation among the class grievances will not defeat a class action." *Rosario*, 963 F.2d at 1017.

Defendants purportedly engaged in standardized conduct by fraudulently causing Plaintiffs to pay for I-797 certifications, H-2B or J-1 visas, and jobs, when Defendants could not provide them. *See Keele*, 149 F.3d at 594. Furthermore, the proposed class members' claims involve common questions of law, including whether Defendants acted negligently or fraudulently, breached contractual obligations or their fiduciary duties, or violated the Consumer Fraud Act or the RICO statute. Because Plaintiffs' claims involve common questions of law and fact, Plaintiffs have satisfied the commonality requirement.

### C.	Typicality

Typicality is closely related to commonality. *See id.* As the Supreme Court has noted, the commonality and typicality requirements "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Tel.*, 457 U.S. at 158 n.13, 102 S.Ct. at 2371; *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) ("The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class.").

6

This element broadly requires "'that the claims or defenses of the representative party be typical of the claims or defenses of the class.'" *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000)). "A claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [the] claims are based on the same legal theory.'" *Oshana*, 472 F.3d at 514 (quoting *Rosario*, 963 F.2d at 1018). "Although 'the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members,' the requirement 'primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'" *Muro*, 580 F.3d at 492 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)); *see also Swanson*, 415 F.2d at 1333 (noting that "the utility of Rule 23 would be destroyed if a class action were denied simply because all of the allegations of the class did not fit together like pieces of a jigsaw puzzle" (internal quotation omitted)).

Plaintiffs' claims are typical of those of the class. As discussed above, the representative party's and the class's claims relate to Defendants' alleged standardized conduct of falsely representing that they would provide certifications, visas, and jobs in return for payment. That is enough for Rule 23(a)(3) purposes. *See De La Fuente*, 713 F.2d at 232 (finding typicality where "[a]ll members of the class were subject to the same allegedly unlawful practices").

### D. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," which "serves to undercover conflicts of interest between named

parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 2250 (1997). As the Supreme Court has observed, the "adequacy-of-representation requirement 'tends to merge' with the commonality and typicality criteria of Rule 23(a), which 'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Id.* at 626 n.20, 117 S.Ct. at 2251 (quoting *General Tel.*, 457 U.S. at 157 n.13, 102 S.Ct. at 2370); *see also Robinson v. Sheriff of Cook Co.*, 167 F.3d 1155, 1157 (7th Cir. 1999) (noting that if a proposed class representative's claim "is atypical, he is not likely to be an adequate representative; his incentive to press issues important to other members of the class will be impaired").

The adequacy-of-representation requirement "is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest' of the class members." *Retired Chicago Police Assoc.*, 7 F.3d at 598 (quoting *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc)). "Although a representative plaintiff need not immerse himself in the case[,] . . . the named plaintiff must have *some* commitment to the case, so that the 'representative' in a class action is not a fictive concept." *Rand v. Monsanto Co.*, 926 F.2d 596, 598-99 (7th Cir. 1991) (internal citation omitted and noting that "Rule 23 contemplates, and the district court should insist on, a conscientious representative plaintiff"). A class representative must also "'be part of the class and possess the same interest and suffer the same injury as the class members.'" *Amchem Prods.*, 521 U.S. at 615, 117 S.Ct. at 2245 (quoting *East Tex. Motor Freight Sys., Inc. v.*

*Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896 (1977), with internal quotation from *Rodriguez* omitted). "This requires the district court to ensure that there is no inconsistency between the named parties and the class they represent." *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). In other words, "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. Finally, the adequacy-of-representation requirement "also factors in competency and conflicts of class counsel." *Amchem Prods.*, 521 U.S. at 626 n.20, 117 S.Ct. at 2251.

Plaintiffs have satisfied the adequacy-of-representation requirement. First, Plaintiffs Subedi and Gaire have claims that are typical of those brought by other class members, and their interests appear to be entirely consistent with those of the other class members. *See id.* at 615, 117 S.Ct. at 2245. Second, Plaintiff Subedi has investigated Defendants Merchant and International, gathering evidence and assisting counsel in connection with this case. *See Rand*, 926 F.2d at 598-99 (internal citation omitted). Finally, class counsel has experience pursuing consumer-class-action cases and do not appear to have interests that conflict with those of the class. *See Amchem Prods.*, 521 U.S. at 626 n.20, 117 S.Ct. at 2251.

## II.     Rule 23(b)(3) Requirements

Plaintiffs seek to have their class certified under Rule 23(b)(3). "Framed for situations in which class-action treatment is not as clearly called for as it is in Rule 23(b)(1) and (b)(2) situations, Rule 23(b)(3) permits certification where class suit may nevertheless be convenient and desirable." *Id.* at 615, 117 S.Ct. at 2245. In other words, it "was designed for situations . . . in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006); *see also*

*Ortiz v. Fireboard Corp.*, 527 U.S. 815, 833, 119 S.Ct. 2295, 2308 (1999) ("In drafting Rule 23(b), the Advisory Committee sought to catalogue in functional terms those recurrent life patterns which call for mass litigation through representative parties." (internal quotation omitted)). In formulating Rule 23(b)(3), "the Advisory Committee had dominantly in mind vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem Prods.*, 521 U.S. at 617, 117 S.Ct. at 2246.

To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions of law or fact must "predominate over any questions affecting only individual members," and class resolution must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In assessing whether those requirements have been met, courts should consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

### A. Predominance

A party seeking class certification must do more than simply claim that an issue predominates. *See Harper*, 581 F.3d at 515. "The notion of predominance in the class action analysis is a relatively impalpable concept," *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981), that is similar to Rule 23(a)(3)'s typicality requirement. *Amchem Prods.*, 521 U.S. at 623 n.18, 117 S.Ct. at 2249. Ultimately, it "trains on the legal or factual questions that qualify each class

member's case as a genuine controversy" and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623, 117 S.Ct. at 2249.

Plaintiffs have shown that common questions of law and fact predominate. Specifically, Plaintiffs claim that Defendants engaged in standardized conduct that violated specified laws, and the class will therefore be cohesive. *See id.*

B. **Superiority**

A central question under the superiority requirement is whether the proposed class will be manageable, and allowing this case to proceed as a class action certainly would be. *See Chartwell Fin. Servs.*, 204 F.3d at 760. It would also be the most efficient way to resolve Plaintiffs' claims, especially considering that most Plaintiffs reside outside of the United States and would therefore be unlikely to seek relatively small damages. *See Amchem Prods.*, 521 U.S. at 617, 117 S.Ct. at 2246 (noting that the Advisory Committee "sought to cover cases in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results" (internal quotation omitted)). Accordingly, class resolution would be superior to other available methods of pursuing these claims.

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiffs' Motion and certifies a class consisting of: "All persons identified by Plaintiffs who paid a fee to Louise Merchant and/or International H-2B/J-1 Work & Travel USA, Corporation for the purpose of obtaining a H-2B or

J-1 visa but did not receive a H-2B or J-1 visa procured by Louise Merchant and/or International H-2B/J-1 Work & Travel USA, Corporation."

Dated: May 17, 2010                              ENTERED:

                                                 _____
                                                 AMY J. ST. EVE
                                                 United States District Court Judge