# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAMHARI SUBEDI and ANIRUDRA GAIRE, individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> LOUISE MERCHANT; INTERNATIONAL H-2B/J-1 WORK & TRAVEL USA CORPORATION; IWT INTERNATIONAL, INC.; And IWT STAFFING, INC.; </br></br> Defendants. | Case No. 09 C 4525 </br></br> Judge St. Eve </br></br> Magistrate Mason |

## PLAINTIFFS' MATERIALS IN SUPPORT OF PROVE-UP

Plaintiffs, Ramhari Subedi ("Subedi") and Anirudra Gaire ("Gaire") (collectively, "Plaintiffs"), pursuant to prior order of Court [DE 44], submits these materials in support of prove-up of damages.

1. On July 28, 2009, Plaintiffs filed their Complaint [DE 1] against Defendants Louise Merchant ("Merchant"); International H-2B/J-1 Work & Travel USA, Corporation ("International"); IWT International, Inc. ("IWT International"); and IWT Staffing, Inc. ("IWT Staffing") (collectively, "Defendants").

2. On October 20, 2009, International, IWT International and IWT Staffing were served with process [DE 13, 14, 15].

3. On January 14, 2010, Merchant was served with process, and the investigator submitted an affidavit affirming that Merchant is also known as Louise Charles [DE 19].

4. On May 17, 2010, this Court certified this case as a class action [DE 31, 32].

5. On July 27, 2010, Plaintiffs' counsel mailed a Notice of Class Action to Defendants

by way of Merchant [DE 39].

6. No Defendant has appeared in this case or otherwise responded to the Complaint.

7. On September 7, 2010, this Court founds Defendants in default and set this matter for prove-up on October 28, 2010 at 8:30 a.m. [DE 41].

8. On October 21, 2010, at Plaintiffs' request, this Court set this matter for prove-up on November 29, 2010 at 8:30 a.m. [DE 44].

9. Plaintiffs submit in support of prove-up the following materials, which are incorporated herein by reference:

      a.      Certification of Ramhari Subedi (**Exhibit A**) with exhibits;
      b.      Certification of Tek Behadur Lama (**Exhibit B**);
      c.      Certification of Lot de Leon (**Exhibit C**);
      d.      Certification of Anirudra Gaire (**Exhibit D**);
      e.      Certification of Paul F. Markoff (**Exhibit E**); and
      f.      Certification of Lance A. Raphael (**Exhibit F**).

10. Plaintiffs and the class, collectively, have incurred actual damages of $106,400. See Exhibits A-D.

11. Plaintiffs also incurred attorneys' fees of $60,738 and costs of $1,128.86. See Exhibits E, F.

12. On Count III (Consumer Fraud), Plaintiffs and the class also seek punitive damages of four (4) times actual damages, which is within the guidelines established by *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) and *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 581 (1996). Any judgment awarded by this Court is likely worthless, given that the corporate defendants no longer exist and Merchant has not bothered to respond to this lawsuit and went into hiding when her scheme was discovered, but Plaintiffs' request for punitive damages is fully justified given that Merchant's actions were nothing short of criminal, a full-on

effort to scam overseas residents with a dream of working in the United States into wiring her money, leaving the victims helpless. Sadly, this is akin to the many email scams promising readers a fortune merely for accepting a check and wiring a portion of it on to somewhere else. The only difference appears to be that such scams emanated from Nigeria and Merchant ran hers from Three First National Plaza in the Loop. However, perhaps an appropriate punitive damages award will provide some level of deterrence to others considering a similar scam. See *Gore*, 517 U.S. at 575 (finding that "[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct"), 576 (citing *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 (1993) for the proposition that "trickery and deceit" are more reprehensible than negligence).

13. On Count VI (RICO), Plaintiffs and the class also seek treble actual damages pursuant to 18 U.S.C. § 1964(c). Plaintiffs have submitted evidence that Merchant's racketeering activity, hundreds of instances of wire fraud, proximately caused the actual damages of Plaintiffs and the class. Specifically, Merchant (a "person") solely owned and ran International, IWT International and IWT Staffing ("enterprises") to perpetuate a pattern of defrauding hundreds of non-United States residents by use of wires, in violation of 18 U.S.C. § 1343. Merchant used the wires to transmit fraudulent representations to induce Plaintiffs and the class members to send her money, and she required the use of the wires for payment be requiring that Plaintiffs and the class members wire payment to International's account in Chicago. Merchant also showed the propensity to continue the pattern of racketeering activity by creating new entities to carry on the same activities when her activity through International was discovered.

14. Plaintiffs also request incentive awards for themselves individually for their services as class representatives in the amount of $1,000 each.

WHEREFORE, Plaintiffs requests that this Court enter judgment as follows:

A.  On Count III (Consumer Fraud): In favor of Plaintiffs and the Class and against Louise Merchant a/k/a Louise Charles; International H-2B/J-1 Work & Travel USA, Corporation; IWT International, Inc.; and IWT Staffing, Inc., jointly and severally, in the amount of $533,128.86 ($106,400 in actual damages; $425,600 in punitive damages; and $1,128.86 in costs);

B.  On Count VI (RICO): In favor of Plaintiffs and the Class and against Louise Merchant a/k/a Louise Charles in the amount of $320,328.86 (treble actual damages of $106,400; and $1,128.86 in costs);

C.  In favor of Anirudra Gaire and against Louise Merchant a/k/a Louise Charles; International H-2B/J-1 Work & Travel USA, Corporation; IWT International, Inc.; and IWT Staffing, Inc., jointly and severally, in the amount of $1,000 as an incentive award for efforts as class representative.

D.  In favor of Ramhari Subedi and against Louise Merchant a/k/a Louise Charles; International H-2B/J-1 Work & Travel USA, Corporation; IWT International, Inc.; and IWT Staffing, Inc., jointly and severally, in the amount of $1,000 as an incentive award for efforts as class representative.

E.  In favor of Plaintiffs and the Class and against Louise Merchant; International H-2B/J-1 Work & Travel USA, Corporation; IWT International, Inc.; and IWT Staffing, Inc., jointly and severally, in the amount of $60,738, which is an award of attorneys' fees that the Court finds to be fair and reasonable after having reviewed fee records.

F.  If this Court enters judgment as requested above, Plaintiffs and the Class seek voluntary dismissal of Counts I (Breach of Contract), II (Breach of Fiduciary Duty), IV

(Common Law Fraud) and V (Negligence), subject to reinstatement if judgment is vacated or modified in any manner.

                                                RAMHARI SUBEDI and ANIRUDRA GAIRE,
                                                Plaintiffs,

                                By:    s/ Paul F. Markoff
                                        Paul F. Markoff, One Of Their Attorneys

Dated: November 19, 2010

Paul F. Markoff (paul@markofflawfirm.com)
Markoff Law Firm, LLC
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.726.4162